## Newton, Jr. v. Farris.

(Decided March 22, 1921.)

### Appeal from Fulton Circuit Court.

Frauds, Statute of—Contracts Not to Be Performed Within a Year.—A verbal contract for land for the growth of a crop made at such time as that the contract could not be completed within a year is within the staute of frauds and not enforcible.

R. B. FLATT for appellant.

J. W. RONEY and J. W. WEBB for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant G. W. Newton, Jr., is the son of G. W. Newton, Sr., and the two were tenants of Mrs. Farris for the year 1918, cultivating the farm mentioned in the evidence. There was some disagreement between Mrs. Farris and G. W. Newton, Sr., and she was unwilling to allow him to remain on the premises for another year but was willing for the son, G. W. Newton, Jr., to remain. As he was less than 21 years of age, she says she would not and did not agree to make a contract with him until he made a bond for the faithful performance of the contract. There was some talk between A. A. Farris, husband and agent of Mrs. Farris, who owned the land, and G. W. Newton, Jr., in August, 1918, relative to the rental of the land for the following year, but apparently no contract was entered into at that time. Again in October the same parties talked of a rent contract, but no definite arrangement appears to have been made. On December 19, 1918, the same parties had a further talk about the renting of the premises for a crop for the next season,

and this conversation is related in evidence by both G. W. Newton, Jr., and A. A. Farris, the latter saying there was no contract because he would not rent to the boy unless some one other than his father would sign his bond as surety, while the boy says he made a definite contract with Farris for the lands to raise a corn crop and probably some cotton, but he does not give the exact terms and conditions of the contract. The statutes of frauds enter into the controversy, for young Newton claimed the premises under a verbal contract only which could not have been valid unless capable of performance within one year, and if the contract was made in August, 1918, no corn crop could have been matured before August, 1919, and therefore not within one year, and there was evidence to the effect that a corn crop in that vicinity could not be grown, matured and gathered within one year from December 19, 1918. Otherwise there is no controversy about the law of the case. A question of fact only is involved. The burden was on the plaintiffs Farris to show their right to the possession and having done so it then devolved upon defendant Newton to prove his rental contract. The trial court gave the jury proper instructions as to the law of the case.

The jury found the facts against the appellant, Newton, both in the trial before the county judge and in the Fulton circuit court. Its finding was with the weight of the evidence, not against it, and we have no reason and therefore no power to disturb the finding.

Judgment affirmed.